1  TRACY L. WILKISON
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ANDREW BROWN (Cal. Bar No. 172009)
4  VICTOR A. RODGERS (Cal. Bar No. 101281)
   MAXWELL COLL (Cal. Bar No. 312651)
5  Assistant United States Attorneys
   Major Frauds/Asset Forfeiture/
6  General Crimes Sections
         1100/1400/1200 United States Courthouse
7        312 North Spring Street
         Los Angeles, California 90012
8        Telephone: (213) 894-0102/2569/1785
         Facsimile: (213) 894-6269/0142/0141
9        E-mail: Andrew.Brown@usdoj.gov
                 Victor.Rodgers@usdoj.gov
10               Maxwell.Coll@usdoj.gov

11 Attorneys for Defendants
   UNITED STATES OF AMERICA and
12 TRACY L. WILKISON and KRISTI KOONS JOHNSON
   IN THEIR OFFICIAL CAPACITY ONLY

13                UNITED STATES DISTRICT COURT

14            FOR THE CENTRAL DISTRICT OF CALIFORNIA

15                      WESTERN DIVISION

16
   DONALD LEO MELLEIN AND            Case No. 2:21-cv-06588-RGK-MAR
17 PAULA MARGARITA VILLEGAS DE
   MELLEIN,                          **DEFENDANTS' NOTICE OF MOTION
18                                   AND MOTION TO DISMISS THE
                Plaintiff,           COMPLAINT FOR LACK OF
19                                   SUBJECT MATTER JURISDICTION
                v.                   AND FAILURE TO STATE A CLAIM
20                                   UPON WHICH RELIEF CAN BE
                                     GRANTED PURSUANT TO FED. R.
21 UNITED STATES OF AMERICA, ET      CIV. P. 12(b)(1) AND 12(b)(6);
   AL.,                              MEMORANDUM OF POINTS AND
22                                   AUTHORITIES AND
                Defendants.          DECLARATIONS OF LYNNE
23                                   ZELLHART, DEBORAH A. CRUM
                                     AND VICTOR A. RODGERS;
24                                   [PROPOSED] ORDER GRANTING
                                     MOTION LODGED UNDER
25                                   SEPARATE COVER**

26                                   Date:       January 18, 2022
                                     Time:       9:00 a.m.
27                                   Courtroom:  850, the Honorable
                                                 R. Gary Klausner
28

1

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on January 18, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  This Motion is made following the conference of counsel pursuant to Local Rule 7-3 (see Rodgers Decl. ¶ 2), and is made on the grounds that there is no subject matter jurisdiction over this action and plaintiffs' complaint fails to state a claim upon which relief can be granted.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declarations of Lynne Zellhart, Deborah A. Crum and Victor A. Rodgers; the proposed order granting the motion (lodged under separate cover); all pleadings and papers on file in this action; and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: December 2, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

_____/s/_____

ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I.      INTRODUCTION ......................................................................................... 1

II.     STATEMENT OF FACTS ........................................................................... 2

III.    ARGUMENT ................................................................................................ 4

        A.    The Standards For Motions To Dismiss Under Fed R. Civ. P. 12 For
              Lack of Subject Matter Jurisdiction And Failure To State A Claim
              Upon Which Relief Can be Granted .................................................. 4

        B.    Plaintiffs' First Cause of Action For Return Of Property Pursuant To
              Rule 41(g) Should Be Dismissed Because Rule 41(g) Cannot Be
              Used To Recover Property The Government Does Not Possess .................. 6

        C.    Plaintiffs Cannot Satisfy Article III's Case Or Controversy
              Requirement Relative To The Items (Namely, 47 Gold Coins) That
              Are In the Process Of Being Returned Because This Matter Is Moot
              As To That Property ........................................................................ 8

        D.    Plaintiffs' Second Cause Of Action Pursuant To The FTCA For
              Return Of Property Or Damages For The Allegedly Lost, Missing
              Or Converted Property Should Be Dismissed For Lack Of Subject
              Matter Jurisdiction Because Plaintiffs Have Not Exhausted Their
              Administrative Remedies .................................................................. 9

        E.    Plaintiffs' Fourth Cause Of Action For Order Disclosing
              Inventory Fails To State A Claim Upon Which Relief Can
              Be Granted ..................................................................................... 13

IV.     CONCLUSION .......................................................................................... 15

DECLARATION OF SPECIAL AGENT LYNNE ZELLHART ................................. 16

DECLARATION OF DEBORAH A. CRUM ............................................................... 17

DECLARATION OF AUSA VICTOR RODGERS ....................................................... 19

i

# TABLE OF AUTHORITIES

**Federal Cases**

Adeleke v. United States,
  355 F.3d 144 (2d Cir. 2004) ..................................................................7

Aguirre v. S.S. Sohio Intrepid,
  801 F.2d 1185 (9th Cir. 1986) ..............................................................9

Arford v. United States,
  934 F.2d 229 (9th Cir. 1991) ................................................................6

Bailey v. United States,
  508 F.3d 736 (5th Cir. 2007) ................................................................7

Bell Atlantic Corp. v. Twombly,
  550 U.S. 544 (2007) ..............................................................................5

Bender v. Williamsport Area School Dist.,
  475 U.S. 534 (1986) ..............................................................................4

Billingsley v. C.I.R.,
  868 F.2d 1081 (9th Cir. 1989) ..............................................................4

Brady v. United States,
  211 F.3d 499 (9th Cir. 2000) ..............................................................11

Caltex Plastics, Inc. v. Lockheed Martin Corp.,
  824 F.3d 1156 (9th Cir. 2016) ..............................................................5

CHoPP Computer Corp.,
  5 F.3d 1344 (9th Cir. 1993) ..................................................................9

Colorado v. Bertine,
  479 U.S. 367 (1987) ............................................................................15

DaimlerChrysler Corp. v. Cuno,
  547 U.S. 332 (2006) ........................................................................4, 11

Diaz v. United States,
  517 F.3d 608 (2d Cir. 2008) ..................................................................7

# TABLE OF AUTHORITIES CONTINUED

Frazier v. Roberts,
    441 F.2d 1224 (8th Cir. 1971) ........................................................................ 14

Headwaters Inv. v. Bureau of Land Management,
    893 F.2d 1012 (9th Cir. 1989) .......................................................................... 9

In re Digimarc Corp. Derivative Litig.,
    549 F.3d 1223 (9th Cir. 2008) ........................................................................ 12

Jachetta v. United States,
    653 F.3d 898 (9th Cir. 2011) ...................................................................... 6, 7

Jensen v. Quality Loan Serv. Corp.,
    702 F. Supp. 2d 1183 (E.D. Cal. 2010) .......................................................... 13

Kahn v. United States,
    2009 WL 2900249 (S.D.N.Y. Sept. 8, 2009) .................................................... 7

Lujan v. Defenders of Wildlife,
    504 U.S. 555 (1992) .......................................................................................... 8

Massey v. Ojaniit,
    759 F.3d 343 (4th Cir. 2014) ............................................................................ 5

McNeil v. United States,
    508 U.S. 106 (1993) .................................................................................. 11, 12

Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization,
    858 F.2d 1376 (9th Cir. 1988) ........................................................................ 12

Nero v. Ives,
    2014 WL 3347529 (C.D. Cal. May 27, 2014) ................................................ 12

Ordonez v. United States,
    680 F.3d 1135 (9th Cir. 2012) ...................................................................... 7, 8

Railway Mail Ass'n v. Corsi,
    326 U.S. 88 (1945) ............................................................................................ 8

# TABLE OF AUTHORITIES CONTINUED

Ramsden v. United States,
  2 F.3d 322 (9th Cir. 1993) ................................................................6

Roberts v. Corrothers,
  812 F.2d 1173 (9th Cir. 1987) ..........................................................5

Safe Air for Everyone v. Meyer,
  373 F.3d 1035 (9th Cir. 2004) ..........................................................4

Seismic Reservoir 2020, Inc. v. Paulsson,
  785 F.3d 330 (9th Cir. 2015) ............................................................5

Silver State Broad, LLC v. Beasley FM Acquisition Corp.,
  2012 WL 4049481 (D. Nev. Sept. 12, 2012) ..................................13

South Dakota v. Opperman,
  428 U.S. 364 (1975) ........................................................................14

Sparrow v. U.S. Postal Serv.,
  825 F. Supp. 252 (E.D. Cal. 1993) ..................................................12

Sprewell v. Golden State Warriors,
  266 F.3d 979 (9th Cir. 2001) ............................................................5

Thompson v. Illinois Dept. of Professional Regulation,
  300 F.3d 370 (7th Cir. 2004) ............................................................5

Thornhill Pub. v. General Tel. and Electronics Corp.,
  594 F.2d 730 (9th Cir. 1979) ............................................................4

United States v. $8,850,
  461 U.S. 555 (1983) ..........................................................................6

United States v. Eames,
  524 F. App'x 320 (9th Cir. 2013) ..................................................7, 8

United States v. Elias,
  921 F.2d 870 (9th Cir. 1990) ............................................................6

iv

1

## TABLE OF AUTHORITIES CONTINUED

United States v. Lugo,
   978 F.2d 631 (10th Cir. 1992) .......................................................................14

United States v. Martinson,
   809 F.2d 1364 (9th Cir. 1987) .........................................................................6

United States v. U.S. Currency, $83,170.78,
   851 F.2d 1231 (9th Cir. 1988) .........................................................................6

Vacek v. U.S. Postal Serv.,
   447 F.3d 1248 (9th Cir. 2006) .......................................................................11

Von Saher v. Norton Simon Museum of Art at Pasadena,
   592 F.3d 954 (9th Cir. 2010) ...........................................................................5

Warren v. Fox Family Worldwide, Inc.,
   328 F.3d 1136 (9th Cir. 2003) .........................................................................5

White v. Lee,
   227 F.3d 1214 (9th Cir. 2000) .........................................................................4

**Federal Statutes**

28 U.S.C. § 1346 ................................................................................................9

28 U.S.C. § 1346(b) .........................................................................................10

28 U.S.C. § 1346(b)(1) .....................................................................................10

28 U.S.C. § 2647 ................................................................................................9

28 U.S.C. § 2671 ................................................................................................6

28 U.S.C. § 2675(a) .....................................................................................10, 11

28 U.S.C. § 2679(d)(1) .....................................................................................10

**Federal Rules**

Fed R. Civ. P. 12 ................................................................................................1

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES CONTINUED

Fed. R. Civ. P. 12(b)(1)...................................................................................passim

Fed. R. Civ. P. 12(b)(6)...................................................................................passim

Fed. R. Civ. P. 12(h)(3).........................................................................................4

Fed. R. Crim. P. 41.........................................................................................passim

Fed. R. Crim. P. 41(f)...........................................................................................13

Fed. R. Crim. P. 41(f)(1)(C) .................................................................................14

Fed. R. Crim. P. 41(f)(1)(D) ........................................................................3, 13, 14

Fed. R. Crim. P. 41(g)......................................................................................passim

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacities only (collectively, "the government") respectfully submit this memorandum of points and authorities in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  For the reasons set forth below and any additional reasons contained in this brief, plaintiffs' complaint should be dismissed as to the government with respect to the three causes of action that pertain to the government in plaintiffs' four cause of action complaint.[1]

First, plaintiffs' first cause of action is brought pursuant to Fed. R. Crim. P. 41(g) for return of property seized by the government.  However, this cause of action is barred because the government does not have (and never had) the property plaintiffs seek to have returned and monetary damages for the value of the property plaintiffs allege the government seized and is missing or lost cannot be recovered pursuant to a Fed. R. Crim. P. 41(g) claim.  Accordingly, subject matter jurisdiction does not lie over plaintiffs' first cause of action.

Second, plaintiffs' second cause of action under the Federal Torts Claims Act is barred because plaintiffs have failed to exhaust their administrative remedies by filing an administrative tort claim with the appropriate federal agency (i.e., the Federal Bureau of Administration) for the property plaintiffs' contend the government lost or is missing, and the federal agency therefore has not issued any final decision on any such administrative tort claim because none has been submitted.  Plaintiffs' failure to exhaust

---

[1] Plaintiffs' Bivens claim in their third cause of action is against defendants Kristi Koons Johnson and Lynne Zellhart in their individual capacities.  The instant motion is not filed as to the Bivens claim on behalf of those defendants in their individual capacities, as they are represented in that capacity on the Bivens claim by another component of the Department of Justice that will be separately filing a motion to dismiss as to the Bivens cause of action.

their administrative remedies before filing their Federal Tort Claims Act cause of action shows that subject matter jurisdiction does not lie relative to plaintiffs' claim.

Third, plaintiffs' fourth cause of action, which seeks an order pursuant to Fed. R. Crim. P. 41 requiring the government to disclose any inventory of the items seized from plaintiffs' safe deposit box at US Private Vaults fails to state a claim upon which relief can be granted because (i) plaintiffs cause of action for an order disclosing an inventory is a remedy and not a stand-alone cause of action; and (ii) Fed. R. Civ. P. 41's inventory requirement applies to search warrants (including how they are obtained and executed) and not inventories, which are an administrative function involving the inventory process. Accordingly, plaintiffs' fourth cause of action, and the complaint against "the government" (as defined herein) in its entirety, should be dismissed.

## II.

## STATEMENT OF FACTS

Plaintiffs Donald Leo Mellein and Paula Margarita Villegas De Mellein (collectively, "plaintiffs") have filed a four cause of action complaint, alleging the following. On or about March 22, 2021, the government seized four items, consisting of $57,434.61 in U.S. currency, one gold bar, miscellaneous papers and 110 one-ounce gold coins (i.e., 30 Canadian maple leaf gold coins and 80 American Eagle gold coins) from plaintiffs' safe deposit box number 224 at US Private Vaults ("USPV") in Beverly Hills, California. Docket No. 1 (complaint ¶ 25 at 8:5-8 and ¶ 35 at 10:15-16). On June 1, 2021, the government agreed to return box number 224's contents to plaintiffs (id. at ¶ 39 at 11:6-9), and on June 14, 2021, the Federal Bureau of Investigation (the "FBI") returned to plaintiffs' counsel one gold bar and miscellaneous paperwork, as reflected on the FBI's Receipt for Property returned (id. at ¶ 1 at 3:9-10, ¶ 40 at 11:16-17 and docket no. 1-4 [Lieser Decl. Ex. B]. The receipt, on its face, shows that "One Gold-colored bar" (i.e., the one gold bar mentioned above) and "Identifying documents" (i.e., the miscellaneous papers mentioned above) were returned to "Attorney for Donald Mellein" (i.e., plaintiffs' attorneys) on June 14, 2021. Docket No. 1-4 (Lieser Decl. Ex. B).

2

Accordingly, the other two items mentioned above are the $57,434.61 in U.S. currency, for which plaintiffs do not seek the return thereof in this lawsuit, and the 110 gold coins.

By this lawsuit, plaintiffs seek the return of 110 gold coins, which plaintiffs allege the FBI has not returned and are missing and lost, and for which plaintiffs first advised the government consisted of 120 and not 110 gold coins.  Complaint ¶ 3 at 3:24-25, ¶ 41 at 11:20-21 and page 11, footnote 2 and Docket Nos. 1-2 and 1-6 (Lieser Decl. ¶ 5 and Ex. D).  Plaintiffs allege four causes of action in their complaint, three of which (consisting of plaintiffs first, second and fourth causes of action) pertain to the government (as defined herein) and are the subject of the instant motion.  Plaintiffs' first cause of action pursuant to Fed. R. Crim. P. 41(g) ("Rule 41(g)") for return of property alleges violations of the Fourth and Fifth Amendments arising from the government's allegedly unlawful search and seizure of the property inside safe deposit box number 224 and seeks the return of 110 gold coins.  Docket No. 1 (complaint ¶¶ 4, 25, 35, 40, 50, 81-84 and prayer for relief ¶ A).  Plaintiffs' second cause of action pursuant to the Federal Tort Claims Act (the "FTCA") and based on California conversion law is for the return of property (i.e., the 110 gold coins) or an amount equal to the value of the coins.  Id. at ¶¶ 4, 56, 57 and 85-88.  Finally, plaintiffs' fourth cause of action seeks an order requiring the government to provide plaintiffs, pursuant to Fed. R. Crim. P. 41(f)(1)(D), with a copy of any inventory the government has of plaintiffs' property taken from box number 224.  Id. at ¶¶ 4, 25 and 96-98.

The FBI possesses 47 (and not 110) gold coins seized from box number 224, which is all the gold coins it seized from plaintiffs' safe deposit box, and the FBI is in the process of returning those 47 coins.  Zellhart Decl. ¶ 2.  Accordingly, the remaining coins that are the subject matter of plaintiffs' complaint total 63 (i.e., 110 minus 47).  Plaintiffs have not filed an administrative tort claim with the FBI regarding the allegedly missing gold coins (Crum Decl. ¶¶ 4-8), which is required under the FTCA as a prerequisite for bringing their FTCA claim under their second cause of action, as discussed below.

# III.

# ARGUMENT

**A.  The Standards For Motions To Dismiss Under Fed. R. Civ. P.  12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted.**

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986) (citation omitted).  As courts of limited jurisdiction, the presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record." Id. at 546 (internal quotes and citations omitted).  The burden of establishing subject matter jurisdiction rests upon the party invoking it [DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction." Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal quotes and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or factual.  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  In "a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  Conversely, in a factual attack "[n]o presumptive truthfulness attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation omitted)], "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" [Safe Air for Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic evidence in determining whether the facts show that a plaintiff has discharged plaintiff's

burden of demonstrating that subject matter jurisdiction exists [Roberts v. Corrothers, 812 F.2d 1173, 1177-78 (9th Cir. 1987)].

Courts should grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted when a complaint fails to allege a cognizable legal theory or sufficient factual support for a legal theory. Caltex Plastics, Inc. v. Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016). Fed. R. Civ. P. 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes and citation omitted). Also, a complaint must set forth "enough facts to state a claim for relief that is plausible on its face" to defeat the motion. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). On the motion, courts accept as true the well-pleaded material factual allegations of a complaint but need not accept as true conclusory allegations, unwarranted factual deductions, unreasonable inferences or legal characterizations. Bell Atlantic Corp., 550 U.S. at 555; Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Moreover, courts may consider documents attached to or mentioned in a complaint and matters subject to judicial notice without converting the motion into a motion for summary judgment. Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010). In addition, in ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Accord, Thompson v. Illinois Dept. of Professional Regulation, 300 F.3d 370, 377 (7th Cir. 2004) (when complaint exhibit contradicts the complaint, "the exhibit trumps the allegations" of the complaint on a Fed. R. Civ. P. 12(b)(6) motion) (emphasis in original).

**B.**      **Plaintiffs' First Cause of Action For Return Of Property Pursuant To Rule 41(g) Should Be Dismissed Because Rule 41(g) Cannot Be Used To Recover Property The Government Does Not Possess.**

The government is returning to plaintiffs the remaining items, namely 47 gold coins, that it seized, and accordingly the action is moot as to that those coins.  See Section IIIC below.  As to any additional coins, which items the government does not possess and plaintiffs' complaint alleges total 63 (i.e., 110 minus 47), a Rule 41(g) claim is improper.  Rule 41(g) does not waive sovereign immunity to allow suits for monetary damages for property the government does not have, and any claim for missing/lost/stolen property must be brought under the FTCA, 28 U.S.C. § 2671 et seq., for monetary damages.[2]  Accordingly, plaintiffs' first cause of action, which by its explicit terms is "for Return of Property Pursuant to FRCP § [sic] 41(g)[,]" should be dismissed.[3]

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."  Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks and citation omitted).  Thus, "[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity."  Arford v.

---

[2] In section IIID below, the government discusses plaintiffs' second cause of action brought under the FTCA.

[3] Because plaintiffs seek the return of property in their first cause of action pursuant to Rule 41(g), plaintiffs seek to invoke the Court's equitable jurisdiction.  Rule 41(g) motions/complaints are only appropriate where the return of property is sought and no criminal or civil forfeiture action has been filed.  See United States v. $8,850, 461 U.S. 555, 569-70 (1983).  Because such a movant has no other available forum to address the grievance, Rule 41(g) motions are treated as equitable civil actions.  United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987).  The Ninth Circuit has recognized that a district court's invocation of equitable jurisdiction to hear a Rule 41(g) request for return of property should be exercised with caution and restraint.  Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993).  It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable.  United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988).

6

1   United States, 934 F.2d 229, 231 (9th Cir. 1991). That waiver "cannot be implied, but
2   must be unequivocally expressed in statutory text." Jachetta, 653 F.3d at 903 (internal
3   quotation marks and citation omitted).

4       The government cannot return property it does not possess and a plaintiff is barred
5   from seeking monetary damages under Rule 41(g). Ordonez v. United States, 680 F.3d
6   1135, 1137–40 (9th Cir. 2012) ("No matter how compelling the circumstances, because
7   Rule 41(g) contains no express and unequivocal waiver of the government's sovereign
8   immunity, money damages are not a permitted form of relief"); see also United States v.
9   Eames, 524 F. App'x 320 (9th Cir. 2013) (vacating district court's award of money
10  damages and remanding with instructions to dismiss Rule 41(g) movant's claim for
11  compensation for lost coins); Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007)
12  (if the government no longer possesses the seized cash, "[claimant's] motion must be
13  denied because the government cannot return property it does not possess, and the
14  doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)").

15      While Rule 41(g) is a vehicle for seeking the return of property, it "does not waive
16  the sovereign immunity of the United States with respect to actions for money damages
17  relating to such property." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004);
18  Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (in Rule 41(g) cases, "[o]nce
19  seized currency has been disbursed and is no longer available . . . a claim for its return is
20  . . . no longer at hand: such claims are jurisdictionally barred by the principle of
21  sovereign immunity"); Kahn v. United States, 2009 WL 2900249 at *3 (S.D.N.Y. Sept.
22  8, 2009) (where, as here, "property is not available for return for whatever reason, the
23  aggrieved party cannot obtain monetary damages against the United States") (internal
24  quotes and citation omitted); Search and Seizure of Box No. 8309 at U.S. Private Vaults
25  v. United States of America, Case No. 2:21-cv-03554-RGK-MAR, Docket No. 28 (order
26  re motion to dismiss) at page 5, footnote 1.
27  / / /
28  / / /

                                        7

In <u>Eames</u>, the Ninth Circuit held that the district court erred when it ordered the government to make payment for the loss of gold coins seized during the course of an investigation into the Rule 41(g) movant's money laundering and related crimes.  524 F. App'x at 320.  The Ninth Circuit held that the district court should have denied a Rule 41(g) motion for the return of gold coins in its entirety because the government admitted that it misplaced four gold coins that it had seized, and the district court lacked jurisdiction to order payment of money damages because sovereign immunity bars an award of money damages against the government on a motion to recover property under Rule 41(g). <u>Id.</u>  (citing <u>Ordonez</u>, 680 F.3d at 1139-40).

Accordingly, subject matter jurisdiction does not lie over plaintiffs' first cause of action due to sovereign immunity.  The government respectively requests that the first cause of action, therefore, be dismissed.

**C.      Plaintiffs Cannot Satisfy Article III's Case Or Controversy Requirement Relative To The Items (Namely, 47 Gold Coins) That Are In the Process Of Being Returned Because This Matter Is Moot As To That Property.**

As mentioned above, plaintiffs allege that 110 gold coins were within their USPV box.  However,  the government only seized and only possesses 47 gold coins from that box and the FBI is in the process of returning them.  Zellhart Decl. ¶ 2.  With respect to those 47 coins that are being returned, plaintiffs cannot satisfy Article III's Case or Controversy requirement.

In order to have standing to sue, Article III requires that a plaintiff "suffer[] an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560 (1992) (internal quotes and citations omitted). The "case or controversy" requirement in Article III mandates that issues be "definite and concrete, not hypothetical or abstract," before federal courts may exercise jurisdiction over them.  <u>Railway Mail Ass'n v. Corsi</u>, 326 U.S. 88, 93 (1945).

8

Article III of the Constitution limits the jurisdiction of federal courts to actual cases and controversies, and an action is rendered moot when the issues are no longer live or the party lacks a legally cognizable interest in the outcome.  Headwaters Inv. v. Bureau of Land Management, 893 F.2d 1012, 1015 (9th Cir. 1989).  Courts lack jurisdiction over claims for which no effective relief can be granted.  Aguirre v. S.S. Sohio Intrepid, 801 F.2d 1185, 1189 (9th Cir. 1986).  "Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented."  Id.  (citation omitted).

As to the 47 gold coins in the government's possession, which is a part of the subject matter of plaintiffs Rule 41(g) cause of action that seeks the return of 110 gold coins, those 47 gold coins are in the process of being returned.  Accordingly, Article III standing and subject matter jurisdiction is lacking and, as a result, plaintiffs' causes of action should be dismissed as moot relative to the 47 gold coins.

**D.    Plaintiffs' Second Cause Of Action Pursuant To The FTCA For Return Of Property Or Damages For The Allegedly Lost, Missing Or Converted Property Should Be Dismissed For Lack Of Subject Matter Jurisdiction Because Plaintiffs Have Not Exhausted Their Administrative Remedies.**

Plaintiffs' second cause of action is "for return of property or damages in an amount equal to the value of the property pursuant to 28 U.S.C. §§ 1346, 2647 (sic)[4] and CHoPP Computer Corp., 5 F.3d 1344 (9th Cir. 1993),"[5] and provides it is asserted against "Koons Johnson individually" and "Zellhart" who has only been sued in her

---

[4] 28 U.S.C. § 2647 has been repealed.

[5] CHoPP Computer Corp. v. United States, 5 F.3d 1344, 1347 (9th Cir 1993), holds that conversion claims can be brought against the United States pursuant to the FTCA (assuming that sovereign immunity otherwise exists), meaning that plaintiffs must comply with the FTCA's requirements relative to asserting their conversion claim.

9

individual capacity.[6]  Complaint at 27:1-5.  Because plaintiffs' complaint does not allege that they exhausted their administrative remedy before filing their FTCA second cause of action, the government has proffered evidence that plaintiffs have not exhausted their administrative remedies before filing their FTCA cause of action (Crum Decl. ¶¶ 4-8) and the exhaustion requirement relative to a FTCA cause of action is jurisdictional, subject matter jurisdiction does not lie over plaintiffs second cause of action under the FTCA.

The FTCA waives the sovereign immunity of the United States for certain tort actions asserted against the United States.  28 U.S.C. § 1346(b).  However, before filing a FTCA action in federal court, a plaintiff must first seek an administrative resolution of plaintiff's claim, by first filing an administrative tort claim with the administrative agency (here, for the missing coins with the FBI) and the agency must have denied the administrative tort claim, before plaintiffs are entitled to file a FTCA claim in federal court.  28 U.S.C. § 2675(a) provides:

> An action <u>shall not be instituted</u> upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, <u>unless</u> the claimant shall have first presented the claim to the appropriate Federal agency <u>and his claim shall have been finally denied</u> by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at

---

[6] 28 U.S.C. § 1346(b)(1) waives sovereign immunity on certain tort claims "against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . ."  The statute does not waive sovereign immunity as to tort claims against government employees, such as Kristi Koons Johnson and Lynne Zellhart, sued in their individual capacity.  Accordingly, plaintiffs second cause of action, to the extent asserted against the individual defendants, is barred on that ground alone for lack of subject matter jurisdiction.  Nonetheless, the individual defendants, whom are represented by a different component of the Department of Justice, will be filing a motion to substitute the United States in place of the individual defendants under the Westfall Act, 28 U.S.C. § 2679(d)(1).

the option of the claimant any time thereafter, be deemed a final denial of the

claim for purposes of this section.

(Emphasis added).

If a person, such as plaintiffs here, files a lawsuit under the FTCA before filing an administrative tort claim with a federal agency that the federal agency has denied, the action is premature and must be dismissed for lack of subject matter jurisdiction. Plaintiffs' complaint, which does not allege plaintiffs exhausted their administrative remedies by sending a missing property administrative tort claim to the FBI and that the FBI denied the administrative tort claim, is insufficient to establish subject matter jurisdiction, particularly where the government has offered evidence that no administrative tort claim has even been submitted by plaintiffs.  Crum Decl. ¶¶ 4-8. McNeil v. United States, 508 U.S. 106, 111 (1993) (affirming district court's dismissal of FTCA action and noting that language in 28 U.S.C. § 2675(a) requiring the exhaustion of administrative remedies "is unambiguous.  We are not free to rewrite the statutory text"); Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000) (affirming district court's dismissal of a FTCA action and noting "[t]he requirement of an administrative claim is jurisdictional.  Because the requirement is jurisdictional, it must be strictly adhered to.  This is particularly so since the FTCA waives sovereign immunity.  Any such waiver must be strictly construed in favor of the United States") (citations and internal quotation marks omitted); Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (affirming the district court's dismissal of a FTCA action for lack of subject matter jurisdiction, and noting "[w]e have repeatedly held that the exhaustion requirement is jurisdictional in nature and must be interpreted strictly[]"). In addition, and as mentioned in Section IIIA above, the burden of establishing subject matter jurisdiction rests upon plaintiffs as the party invoking it.  DaimlerChrysler Corp., 547 U.S. at 342 n.3 (2006).

/ / /

/ / /

In addition, the Supreme Court noted in <u>McNeil</u>, 508 U.S. at 112:

Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

Furthermore, the exhaustion requirement cannot be cured by amendment relative to a premature FTCA complaint, such as plaintiffs' complaint here. Subject matter jurisdiction "depends upon the state of things at the time of the action brought." <u>In re Digimarc Corp. Derivative Litig.</u>, 549 F.3d 1223, 1236 (9th Cir. 2008) (citation omitted). <u>Accord</u>, <u>Morongo Band of Mission Indians v. Cal. State Bd. Of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988) ("In determining federal court jurisdiction, we look to the original, rather than to the amended, complaint. Subject matter jurisdiction must exist as of the time the action is commenced") (citations omitted); <u>Nero v. Ives</u>, 2014 WL 3347529, *6 (C.D. Cal. May 27, 2014) ("When a civil action is filed before the FTCA administrative claim has been denied, the court has no jurisdiction and the claim must be dismissed. Lack of subject matter jurisdiction cannot be cured by amending a defective complaint") (citations omitted). Indeed, permitting a plaintiff to file an amended complaint to cure the jurisdictional defect would impose an unnecessary burden on the judicial system, and would render the exhaustion requirement meaningless. <u>Sparrow v. U.S. Postal Serv.</u>, 825 F. Supp. 252, 255 (E.D. Cal. 1993) ("If the claimant is permitted to bring suit prematurely and simply amend his complaint after denial of the administrative claim, the [FTCA's] exhaustion requirement would be rendered meaningless").

/ / /

Plaintiffs have not presented an administrative tort claim to the FBI for the allegedly missing coins, meaning that the FBI could not have issued any final denial of any such claim.  Accordingly, plaintiffs' second cause of action brought pursuant to the FTCA should be dismissed for lack of subject matter jurisdiction.

**E.    Plaintiffs' Fourth Cause Of Action For Order Disclosing Inventory Fails To State A Claim Upon Which Relief Can Be Granted.**

Plaintiffs' fourth cause of action is titled as a cause of action "for order disclosing video inventory pursuant to Fed. R. Crim. P. 41(f) and the Court's inherent power." Plaintiffs cause of action fails for multiple reasons.

First, the request for an order for production of an inventory, even if such an order were proper, would be akin to an remedy like an injunction and is therefore not a stand-alone cause of action that would support a claim for relief.  Therefore, a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim is properly granted as to plaintiffs' request for the order.  Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (dismissing plaintiff's claim for injunctive relief without leave to amend, and noting "[a] request for injunctive relief by itself does not state a cause of action . . . An injunction is a remedy, not a separate claim or cause of action"); Silver State Broad, LLC v. Beasley FM Acquisition Corp., 2012 WL 4049481, *3 (D. Nev. Sept. 12, 2012) ("the Court dismisses Plaintiffs' Claim[] . . . 5 (injunctive relief) . . . as these 'claims' are not recognized causes of action but are rather remedies.  Under Rule 12(b)(6), a request for a specific remedy is not sufficient to state a claim upon which relief can be granted") (internal quotation marks and citation omitted);

Second, Fed. R. Crim. P. 41 does not support plaintiffs' cause of action. As support for this cause of action, plaintiffs cite Fed. R. Crim. P. 41(f)(1)(D) and quote the language therefrom that "[t]he judge must, on request, give a copy of the inventory to the person from whom, or from whose premises, the property was taken and to the applicant

for the warrant." Docket No. 1 (complaint ¶ 97).[7]  Plaintiffs misinterpret the scope of Fed. R. Crim. P. 41, which by its terms governs search warrants and how they are obtained and executed.  See Frazier v. Roberts, 441 F.2d 1224, 1230 n.2 (8th Cir. 1971) ("Rule 41[] governs issuance of search warrants").  However, Fed. R. Crim. P. 41 is not applicable to inventories, which is how the government obtained the contents of plaintiffs' box at USPV.

With respect to search warrants, Fed. R. Crim. P. 41(f)(1)(C) requires officers executing a warrant to leave a receipt for the items taken, called an "inventory," with the person from whom or from whose premises the property was taken, or leave it at the place where the officer took the property.  Officers executed the search warrant at USPV and properly left behind an "inventory" indicating, among other things, they had seized USPV's nests of safe deposit boxes.  When the nests of safe deposit boxes were seized, there were no search warrants for any individual safe deposit boxes (such as plaintiffs' box), and therefore no requirement under Fed. R. Crim. P. 41 that any "inventory" for them be produced or served.

In contrast to a search warrant, "an inventory search is a routine administrative procedure designed to effect three distinct purposes: protection of the owner's property . . . ; protection of the police against claims of lost, stolen or vandalized property; and protection of the police from potential danger." United States v. Lugo, 978 F.2d 631, 636 (10th Cir. 1992) (citing South Dakota v. Opperman, 428 U.S. 364, 369 (1975)).  No court has ever held that Fed. R. Crim. P. 41 governs administrative inventory searches, which would be nonsensical because there is no warrant or affidavit for an inventory search, and therefore nothing to "obtain" or "execute."  "[I]nventory searches are . . . a

/ / /

---

[7] The title of the fourth cause of action provides that it is based on Rule 41(f) and the Court's inherent power, but plaintiffs provide no support for their reliance on the Court's inherent power to support their claim.  In addition, Rule 41(f)(1)(D) pertains to inventories filed with Magistrate Judges together with returns on executed search warrants, and authorizes Magistrate Judges to provide a copy of those documents that have been filed with the Magistrate Judge to persons identified in the statute.  The statute does not deal with the required substance of those documents.

1   well-defined exception to the warrant requirement of the Fourth Amendment." <u>Colorado</u>

2   <u>v. Bertine</u>, 479 U.S. 367, 371 (1987) (citations omitted).

3        Rule 41 does not govern inventory searches as to the items recovered from the

4   inventory, which is an administrative function involving the inventorying process

5   Because plaintiffs' individual safe deposit box was searched administratively, rather than

6   pursuant to a criminal search warrant, the procedural requirements of Fed. R. Crim. P. 41

7   do not apply.  Accordingly, for this reason as well, plaintiffs' fourth cause of action

8   should be dismissed because it fails to state a claim upon which relief can be granted.

9                                    **IV.**

10                               **CONCLUSION**

11        For the foregoing reasons, the government respectfully requests that its motion be

12   granted.

13   Dated: December 2, 2021                Respectfully submitted,

14                                          TRACY L. WILKISON
                                            United States Attorney
15                                          SCOTT M. GARRINGER
                                            Assistant United States Attorney
16                                          Chief, Criminal Division

17                                          _____/s/_____
18                                          ANDREW BROWN
                                            VICTOR A. RODGERS
19                                          MAXWELL COLL
                                            Assistant United States Attorneys

20                                          Attorneys for Defendants
21                                          UNITED STATES OF AMERICA, and
                                            TRACY L. WILKISON and KRISTI
22                                          KOONS JOHNSON IN THEIR OFFICIAL
                                            CAPACITY ONLY

23

24

25

26

27

28

                                      15