NINA MARINO, ESQ. (State Bar No. 142815)
JENNIFER LIESER, ESQ. (State Bar No. 313707)
KAPLAN MARINO, PC
1546 N. Fairfax Avenue
Los Angeles, CA  90046
Tel:     (310) 557-0007
Fax:    (310) 861-1776
Email:  marino@kaplanmarino.com
            lieser@kaplanmarino.com

Attorneys for Plaintiffs
DONALD LEO MELLEIN
PAULA MARGARITA VILLEGAS de MELLEIN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD LEO MELLEIN;<br>PAULA MARGARITA VILLEGAS DE MELLEIN,<br><br>                    Plaintiffs,<br><br>         v.<br><br>UNITED STATES OF AMERICA, ET AL.;<br><br>                    Defendants. | No. 21-CV-06588<br><br>**PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION FOR ALL INVENTORIES ASSOCIATED WITH BOX #224; PROPOSED ORDER GRANTING INJUNCTIVE RELIEF**<br><br>Date: January 24, 2022<br>Time: 9:00 a.m.<br>Courtroom: 850, The Honorable R. Gary Klausner |

TO:    THE CLERK OF THE ABOVE-ENTITLED COURT AND ALL PARTIES:

PLEASE TAKE NOTICE that on January 24, 2022, Plaintiffs DONALD LEO MELLEIN and PAULA MARGARITA VILLEGAS DE MELLEIN through their attorneys of record, NINA MARINO and JENNIFER LIESER, will and hereby do move this Court for a preliminary injunction requiring Defendant United States of America to produce all video, photographic, written or otherwise memorialized inventories of Plaintiffs' safe deposit box number 224  previously housed at U.S. Private Vaults, Inc. ("USPV").

This motion is made following the conference of counsel pursuant to L.R. 7-3 and is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the files and

1 records in this action, and any other evidence that may be presented at or before the hearing on
2 this matter.

4  DATED: December 20, 2021                          Respectfully submitted,
                                                     KAPLAN MARINO, PC

                                                     /s/ Nina Marino
                                                     _____
                                                     NINA MARINO
                                                     JENNIFER LIESER
                                                     Attorneys for Plaintiffs
                                                     DONALD LEO MELLEIN
                                                     PAULA MARGARITA VILLEGAS de
                                                     MELLEIN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In its motion to dismiss Plaintiffs' Complaint, the United States ("the government") argues that Plaintiffs' Fourth Cause of Action for an order requiring disclosure of all inventories of Box #224 should be dismissed because the request is for a specific remedy and thus akin to injunctive relief. (Gov. Mo. to Dismiss at 13.) To the extent the government is correct in its position, Plaintiffs seek a preliminary injunction ordering the United States to produce to Plaintiffs and this Court all video, photographic, written or otherwise memorialized inventories of Box #224 in relation to the search at U.S. Private Vaults, Inc. ("USPV") and the subsequent inventory search of all nests of safe deposit boxes located therein. Despite Plaintiffs' best efforts to resolve this matter outside of court by obtaining copies of inventories related to Box #224, the United States has tactically refused to provide or even acknowledge the existence of inventories presumably in an effort to skirt liability or exposure of its misconduct. (See Lieser Decl. ¶¶ 2-4.)

## II. ARGUMENT

To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "When the government is a party, the last two factors (equities and public interest) merge." *E. Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 668 (9th Cir. 2021) (citation omitted). The court may also apply a sliding scale test, whereby the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party has the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

### A. Likelihood of success on the merits.

In its Motion to Dismiss, the government, for the first time, indicated that it still possesses 47 of Plaintiffs' 110 one-ounce gold coins but that that was all it ever possessed. (Gov. Mo. to Dismiss at 3.) The government neither timely sought forfeiture of these gold coins nor timely

contacted Plaintiffs to arrange for their return. They just magically appeared some nine months after the initial raid on USPV and only after Plaintiffs were forced to file a lawsuit for return of their property. The government's behavior, as further detailed in both Plaintiffs' Complaint (Dkt. No. 1) and in their Opposition to the Government's Motion to Dismiss (concurrently filed herewith) calls into question its veracity, accountability to the Magistrate Judge in its representation regarding their inventorying process during the raid on USPV (see Affidavit, Dkt. No. 29-4 at 84: 19-21 (the FBI will "follow their written inventory policies to protect their agencies from claims of theft or damage to the contents of the boxes"), and adherence to statutory law on forfeiture. See 18 U.S.C. § 983.

Despite these grave missteps, the government expects Plaintiffs and this Court to believe that the FBI only ever seized 47 gold coins from Plaintiffs' box and only ever possessed 47 of Plaintiffs' gold coins.[1] (Gov. Opp. at 3, Zellhart Decl., ¶ 2.) Rather than produce the inventories to support this representation, the government has repeatedly rebuffed Plaintiffs' efforts to obtain any sort of video, photographic or written inventories prepared in connection with the search on USPV. It is clear, based on the government's actions – or lack of action – that something is amiss.[2] Something has happened to the remainder of Plaintiffs' gold coins making it likely that they will succeed on the merits of at least one of their causes of action either now or at a later time after Plaintiffs exhaust their administrative remedies in connection with their Federal Tort Claim Act Cause of Action. But Plaintiffs need to ascertain exactly *what* happened to their property and can

---

[1] On December 20, 2021, counsel for Plaintiffs retrieved 27 Canadian maple leaf gold coins and 20 American Eagle gold coins. (Lieser Decl. ¶ 5, Ex. B.) The authenticity of these gold coins has not yet been verified. (Id.) Still unaccounted for are three Canadian maple leaf gold coins and 60 American Eagles. (Id.) When counsel inquired about additional gold coins, FBI agent Phyllis Mclan, spelling uncertain, who was accompanied by Agent Lesley Buchan, informed counsel, although not verbatim, that the FBI was still in the process of reviewing the inventory photos and that it would be helpful to know the composition of the additional unaccounted-for gold coins so that they could look for them. (Id.) Shortly thereafter, counsel emailed Agent Lesley Buchan the composition of the outstanding gold coins (three Canadian maples and 60 American Eagles). (Id., Ex. C.)

[2] Plaintiffs' claims are not unique. Counsel for Plaintiffs also represent another boxholder whom the FBI attributed an additional $239,200 to their box which was not theirs. (Lieser Decl., ¶ 6.) Counsel also spoke with Robert Johnson, counsel to class action litigant-boxholders in Case No. 21-cv-04405, who informed counsel that one of his clients is also missing approximately $2,000 in cash. (Lieser Decl., ¶ 7.) And Linda R. also filed suit against the United States for her 40 missing gold coins. *See In Re Search and Seizure of Box No. 8309 at U.S. Private Vaults*, Case No. 21-cv-03554. (Lieser Decl., ¶ 8.)

only do so once they are able to review any and all inventories of Box #224.

### B. Irreparable harm to Plaintiffs in the absence of preliminary relief.

Without any and all video, photographic, written or otherwise memorialized inventories of Box #224, Plaintiffs have no alternate means of determining what happened to their property and thus who they should seek proper redress from. Is it the FBI as a department? A rogue agent? Did the loss occur because of misconduct? Or sloppiness? The government alleges it doesn't have the remainder of Plaintiffs' property nor did it ever seize more than 47 gold coins from Plaintiffs' box. Is this true? Plaintiffs cannot answer these questions without the inventories, putting Plaintiffs at risk of losing all their causes of action alleged in their Complaint and worse, their retirement and savings for their son that they worked their entire lives for. (See Complaint, ¶¶ 27-36 (Dkt. No. 1).)

### C. The balance of equities tip in favor of relief and an injunction is in the public's interest.

Certainly no harm would befall the government if it disclosed all inventories of Box #224. In obtaining its search and seizure warrant of USPV, the government already made clear to the Magistrate Judge that it would be following its written inventory policies to "protect their agencies from claims of theft or damage to the contents of the boxes" (USPV Affidavit, Dkt. No. 29-4 at 84: 19-21) and thus disclosing these inventories to combat such a claim here should create no prejudice and would not be overly burdensome to the government in any way. The harm that would befall Plaintiffs without the inventories, on the other hand, would be great. The public also has an interest in keeping the government accountable and ensuring that it continues to act honestly and with integrity, further tipping the scales in favor of disclosure.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant a preliminary injunction ordering the United States to disclose all video, photographic, written or otherwise memorialized inventories of Box #224 in relation to the search at USPV and the subsequent inventory search of all nests of safe deposit boxes located therein.

//

1  DATED: December 20, 2021

2

Respectfully submitted,
KAPLAN MARINO, PC

3  /s/ Nina Marino

4  _____

NINA MARINO
JENNIFER LIESER

5  Attorneys for Plaintiffs
DONALD LEO MELLEIN

6  PAULA MARGARITA VILLEGAS de
MELLEIN

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28