TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA and
TRACY L. WILKISON and KRISTI KOONS JOHNSON
IN THEIR OFFICIAL CAPACITY ONLY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONALD LEO MELLEIN AND PAULA MARGARITA VILLEGAS DE MELLEIN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>Defendants. | Case No. 2:21-cv-06588-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA AND TRACY L. WILKISON AND KRISTI KOONS JOHNSON IN THEIR OFFICIAL CAPACITY ONLY'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER LODGED UNDER SEPARATE COVER**<br><br>Date: February 7, 2022<br>Time: 9:00 a.m.<br>Courtroom: 850, the Honorable R. Gary Klausner |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on February 7, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable R. Gary Klausner, United States District Court, Courtroom 850, Roybal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, California 90012, defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacity only (collectively, "the government") will and hereby do move, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss the first amended complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. This Motion is made following the conference of counsel pursuant to Local Rule 7-3 (see Rodgers Decl. ¶ 2), and is made on the grounds that there is no subject matter jurisdiction over this action and plaintiffs' first amended complaint fails to state a claim upon which relief can be granted.

This motion is based upon this notice of motion and motion; the attached memorandum of points and authorities and declaration of Victor A. Rodgers; the proposed order granting the motion (lodged under separate cover); all pleadings and papers on file in this action; and such further matters as may be presented at any hearing on this Motion, and matters of which the Court may take notice.

Dated: January 6, 2022                         Respectfully submitted,

                                               TRACY L. WILKISON
                                               United States Attorney
                                               SCOTT M. GARRINGER
                                               Assistant United States Attorney
                                               Chief, Criminal Division

                                                    /s/
                                               ANDREW BROWN
                                               VICTOR A. RODGERS
                                               MAXWELL COLL
                                               Assistant United States Attorneys

                                               Attorneys for Defendants
                                               UNITED STATES OF AMERICA, et al.

1

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................... 1

I.   INTRODUCTION ............................................................................................. 1

II.  STATEMENT OF FACTS ................................................................................ 2

    A.   The Allegations In Plaintiffs' First Amended Complaint ............................ 2

    B.   Plaintiffs Omit From Their First Amended Complaint, Filed December 13, 2021, The Federal Tort Claims Act Cause Of Action Plaintiffs Asserted In Their Original Complaint ............................................ 4

III. ARGUMENT ..................................................................................................... 6

    A.   The Standards For Motions To Dismiss Under Fed. R. Civ. P. 12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted ..................................................... 6

    B.   Plaintiffs First Cause of Action For Return Of Property Pursuant To Fed. R. Crim. P. 41(g) Should Be Dismissed Because Fed. R. Crim. P. 41(g) Cannot Be Used To Recover Property The Government Does Not Possess ............................................................................................ 8

    C.   Plaintiffs' Third Cause Of Action For Order Disclosing Inventory Fails To State A Claim Upon Which Relief Can Be Granted ..................... 10

IV.  CONCLUSION ................................................................................................ 13

DECLARATION OF VICTOR A. RODGERS ............................................................ 14

# TABLE OF CONTENTS

**Federal Cases**

Adeleke v. United States,
    355 F.3d 144 (2d Cir. 2004) ............................................................................. 9

Arford v. United States,
    934 F.2d 229 (9th Cir. 1991) ........................................................................... 9

Bailey v. United States,
    508 F.3d 736 (5th Cir. 2007) ........................................................................... 9

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ........................................................................................ 7

Bender v. Williamsport Area School Dist.,
    475 U.S. 534 (1986) ........................................................................................ 6

Billingsley v. C.I.R.,
    868 F.2d 1081 (9th Cir. 1989) ......................................................................... 7

Caltex Plastics, Inc. v. Lockheed Martin Corp.,
    824 F.3d 1156 (9th Cir. 2016) ......................................................................... 7

Colorado v. Bertine,
    479 U.S. 367 (1987) ...................................................................................... 12

DaimlerChrysler Corp. v. Cuno,
    547 U.S. 332 (2006) ........................................................................................ 6

Diaz v. United States,
    517 F.3d 608 (2d Cir. 2008) ............................................................................ 9

Frazier v. Roberts,
    441 F.2d 1224 (8th Cir. 1971) ....................................................................... 11

Jachetta v. United States,
    653 F.3d 898 (9th Cir. 2011) ........................................................................... 9

Jensen v. Quality Loan Serv. Corp.,
    702 F. Supp. 2d 1183 (E.D. Cal. 2010) ......................................................... 11

Kahn v. United States,
    2009 WL 2900249 (S.D.N.Y. Sept. 8, 2009) ................................................ 10

Massey v. Ojaniit,
    759 F.3d 343 (4th Cir. 2014) ................................................................................ 8

McNeil v. United States,
    508 U.S. 106 (1993) ............................................................................................ 5

Ordonez v. United States,
    680 F.3d 1135 (9th Cir. 2012) ....................................................................... 9, 10

Ramsden v. United States,
    2 F.3d 322 (9th Cir. 1993) ................................................................................... 9

Roberts v. Corrothers,
    812 F.2d 1173 (9th Cir. 1987) ............................................................................. 7

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004) ............................................................................. 7

Seismic Reservoir 2020, Inc. v. Paulsson,
    785 F.3d 330 (9th Cir. 2015) ............................................................................... 7

Silver State Broad, LLC v. Beasley FM Acquisition Corp.,
    2012 WL 4049481 (D. Nev. Sept. 12, 2012) .................................................... 11

South Dakota v. Opperman,
    428 U.S. 364 (1975) .......................................................................................... 12

Sprewell v. Golden State Warriors,
    266 F.3d 979 (9th Cir. 2001) ............................................................................... 8

Thompson v. Illinois Dept. of Professional Regulation,
    300 F.3d 370 (7th Cir. 2004) ............................................................................... 8

Thornhill Pub. v. General Tel. and Electronics Corp.,
    594 F.2d 730 (9th Cir. 1979) ............................................................................... 7

United States v. $8,850,
    461 U.S. 555 (1983) ............................................................................................ 8

United States v. Eames,
    524 F. App'x 320 (9th Cir. 2013) .................................................................. 9, 10

United States v. Elias,
    921 F.2d 870 (9th Cir. 1990) ............................................................................... 9

United States v. Lugo,
  978 F.2d 631 (10th Cir. 1992)..........................................................................12

United States v. Martinson,
  809 F.2d 1364 (9th Cir. 1987)............................................................................8

United States v. U.S. Currency, $83,170.78,
  851 F.2d 1231 (9th Cir. 1988)............................................................................9

Von Saher v. Norton Simon Museum of Art at Pasadena,
  592 F.3d 954 (9th Cir. 2010)..............................................................................8

Warren v. Fox Family Worldwide, Inc.,
  328 F.3d 1136 (9th Cir. 2003)............................................................................7

White v. Lee,
  227 F.3d 1214 (9th Cir. 2000)............................................................................7

**Federal Statutes**

28 U.S.C. § 2671 ......................................................................................................8

**Federal Rules**

Fed. R. Civ. P. 12 .....................................................................................................6

Fed. R. Civ. P. 12(b)(1)...................................................................................passim

Fed. R. Civ. P. 12(b)(6)...................................................................................passim

Fed. R. Civ. P. 12(h)(3)............................................................................................7

Fed. R. Civ. P. 41 .....................................................................................................2

Fed. R. Crim. P. 41..........................................................................................passim

Fed. R. Crim. P. 41(f).............................................................................................10

Fed. R. Crim. P. 41(f)(1)(C) ..................................................................................11

Fed. R. Crim. P. 41(f)(1)(D) ..............................................................................5, 11

Fed. R. Crim. P. 41(g)....................................................................................passim

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacities only (collectively, "the government") respectfully submit this memorandum of points and authorities in support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the first amended complaint filed by plaintiffs Donald Leo Mellein and Paula Margarita Villegas De Mellein (collectively, "plaintiffs") for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. For the reasons set forth below and any additional reasons contained in this brief, plaintiffs' first amended complaint should be dismissed as to the government with respect to the two causes of action asserted against the government in plaintiffs' three cause of action complaint.[1]

Plaintiffs' first cause of action is brought pursuant to Fed. R. Crim. P. 41(g) for return of property seized by the government. However, this cause of action is barred because the government does not have (and never had) the property plaintiffs seek to have returned and monetary damages for the value of the property plaintiffs allege the government seized and is missing or lost cannot be recovered pursuant to a Fed. R. Crim. P. 41(g) claim. Accordingly, subject matter jurisdiction does not lie over plaintiffs' first cause of action.

Plaintiffs' third cause of action, which seeks an order pursuant to Fed. R. Crim. P. 41 requiring the government to disclose any inventory of the items seized from plaintiffs' safe deposit box at US Private Vaults fails to state a claim upon which relief can be granted because (i) plaintiffs cause of action for an order disclosing an inventory

---

[1] Plaintiffs' Bivens claim in their second cause of action is against individual defendants in their individual capacities. The instant motion is not filed as to the Bivens claim on behalf of those defendants in their individual capacities, as they are represented in that capacity on the Bivens claim by another component of the Department of Justice that will be separately filing a motion to dismiss that claim.

is a remedy and not a stand-alone cause of action; and (ii) Fed. R. Civ. P. 41's inventory requirement applies to search warrants (including how they are obtained and executed) and not inventories, which are an administrative function involving the inventory process. Accordingly, plaintiffs' third cause of action, and the first amended complaint against "the government" (as defined herein) in its entirety, should be dismissed.

## II.

## STATEMENT OF FACTS

### A.     The Allegations In Plaintiffs' First Amended Complaint.

After the government filed a motion to dismiss plaintiffs' four cause of action complaint, plaintiffs filed a three cause of action first amended complaint ("FAC") on December 23, 2021, alleging the following.  On or about March 22, 2021, the government seized $76,050.00 in U.S. Currency,[2] one gold bar, miscellaneous papers and 110 one-ounce gold coins (i.e., 30 Canadian maple leaf gold coins and 80 American Eagle gold coins) from plaintiffs' safe deposit box number 224 at US Private Vaults ("USPV") in Beverly Hills, California.  Docket No. 36 (FAC ¶ 28 at 8:24-9:1 and ¶ 38 at 11:10-11).  Shortly after learning of the seizure, around April 12, 2021, plaintiffs' counsel submitted a claim for return of the property at forms.fbi.gov/uspvclaims, without including any information about their box's contents because the Federal Bureau of Investigation (the "FBI's") form did not require it.  Id. at ¶ 40 at 11:20-24.

On or about May 24, 2021, plaintiffs received by certified mail a notice of forfeiture that did not include all items plaintiffs stored in box # 224 (namely, the 110 gold coins) (id. at ¶ 41 at 11:25-28), which means the FBI did not commence (and presumably never intended to commence) administrative forfeiture proceedings against the unlisted items (id. at ¶ 42 at 12:3-6).  When plaintiffs' counsel spoke with the FBI seven days later on June 1, 2021, the FBI agreed that very same day to remove from the asset forfeiture list the assets set forth thereon (namely, the currency and the gold bar)

---

[2] Plaintiff's initial complaint, filed August 13, 2021, alleged that $57,434.61, and not $76,050.00, was stored in the box. Docket no. 1 (complaint ¶ 25 at 8:5-8).

2

1  and return those items to plaintiffs (id. at ¶ 42 at 12:1-6), and on June 14, 2021, the FBI
2  returned to plaintiffs' counsel one gold bar and miscellaneous paperwork, as reflected on
3  the FBI's Receipt for Property returned (id. at ¶ 1 at 3:9-10, ¶ 43 at 12:11-12 and docket
4  no. 36-4 [Lieser Decl. Ex. B]).  The receipt, on its face, shows that "One Gold-colored
5  bar" (i.e., the one gold bar mentioned above) and "Identifying documents" (i.e., the
6  miscellaneous papers mentioned above) were returned to "Attorney for Donald Mellein"
7  on June 14, 2021.  Docket No. 36-4 (Lieser Decl. Ex. B).

8        By letter dated June 14, 2021, plaintiffs' counsel advised the FBI, with a copy to
9  an Assistant United States Attorney ("AUSA"), that plaintiffs had not been provided
10 with 120 gold coins plaintiffs were alleging were stored within the box, and requesting
11 that the government amend the FBI's Receipt for Property returned (which plaintiffs'
12 letter incorrectly called a "Inventory Log") and demanding the immediate production of
13 any video of the inventorying of the contents of plaintiffs' box.  FAC ¶ 44 at 12:15-17
14 and docket no. 36-6 (Lieser Decl. Ex. D).  At some later time unknown to the
15 government, plaintiffs concluded, as a result of what they characterized as a "thorough
16 accounting" and "investigation," that there were only "approximately 110" (and not 120)
17 coins in the box, as plaintiffs allege but relegate to a footnote in their FAC.  FAC ¶ 44, n.
18 2 at 12:28-29 ("[i]n the letter, counsel indicated there were 120 missing coins.  After a
19 thorough accounting, it has been determined there were approximately 110").  Accord,
20 Docket No. 36-2 (Lieser Decl. ¶ 5, footnote 2 at 2:28-29 ("[i]n the letter, I indicated
21 there were 120 missing coins.  After further investigation it was determined there were
22 approximately 110 gold coins, not 120 gold coins, that were missing").  However,
23 plaintiffs counsel's letter contended that more than twice the number of coins the FBI
24 had actually seized were stored in plaintiffs' box.

25       One week later on June 21, 2021, the AUSA provided plaintiffs' counsel with a
26 telephone number for a FBI Associate Division Counsel to contact regarding counsel's
27 request, but plaintiffs received no return telephone call from either FBI counsel or the
28 FBI agent to whom plaintiffs' June 14, 2021 letter was directed, so plaintiffs filed a

complaint on August 13, 2021.  FAC ¶ 45 at 12:21-24 and 13:3-8 and ¶ 46.  On December 2, 2021, the government filed a motion to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted relative to the three causes of action (i.e., the first, second and fourth causes of action) asserted against the government (as defined therein).[3]  Docket No. 30.  As reflected in the motion to dismiss, the FBI only found and seized a total of 47 gold coins in plaintiffs' box, which coins the government was in the process of returning as of December 2, 2021.  Docket No. 30-1 (Zellhart Decl. ¶ 3).  On December 20, 2021, plaintiffs retrieved the 47 gold coins, which they therefore now possess and assert consist of 27 Canadian gold coins and 20 American Eagle or Liberty gold coins.  FAC ¶ 51 at 13:24-25.[4]

Accordingly, the remaining coins that are the subject matter of plaintiffs' FAC total 63 (i.e., 110 minus 47), consisting of 60 American Eagle gold coins and 3 Canadian Maple Leaf gold coins.  FAC ¶ 1 at 3:17-18, ¶ 51 at 13:25-26 and prayer for relief ¶ A at 30:3-4.  Despite stating that the 20 American Eagle gold coins plaintiffs' counsel retrieved on December 20, 2021 were not plaintiffs (and therefore, according to plaintiffs' argument actually belong to someone else), plaintiffs have declared and unilaterally decided they are keeping the coins owned by someone else as "substitute property" for the 20 American Eagle gold coins they allege they stored in their box.  FAC ¶ 52 at 14:5-9.

Plaintiffs allege three causes of action in their FAC, two of which (consisting of plaintiffs' first and third causes of action) are asserted against the government (as

---

[3] As set forth above, "the government" consists of Defendants United States of America, and Tracy Wilkison and Kristi Koons Johnson in their official capacities only.  Plaintiffs remaining (i.e., the third) cause of action was for damages pursuant to Bivens and was asserted against individual defendants in their individual capacities only.  Those defendants filed a separate motion to dismiss the complaint on December 2, 2021.  Docket No. 29.

[4] Plaintiffs mistakenly allege that the FBI is reviewing photographs and looking for plaintiffs coins (FAC ¶ 51), but the only request FBI made, in response to plaintiffs counsel's inquiry about the allegedly missing coins, was for plaintiffs to provide a description of the coins plaintiffs claim are still missing.

defined herein) and are the subject of the instant motion. Plaintiffs' first cause of action is "for return of property pursuant to FRCP § [sic] 41(g)" and seeks the return of the 63 allegedly missing coins (FAC ¶¶ 92-95 and prayer for relief ¶ A) while plaintiffs' third cause of action seeks an order requiring the government to provide plaintiffs, pursuant to Fed. R. Crim. P. 41(f)(1)(D) and the Court's inherent power, with a copy of any inventory the government has of plaintiffs' property taken from their box (FAC ¶¶ 103-105 and prayer for relief ¶ D).[5]

### B. Plaintiffs' Omit From Their First Amended Complaint, Filed December 13, 2021, The Federal Tort Claims Act Cause Of Action Plaintiffs Asserted In Their Original Complaint.

Plaintiffs original complaint contained a cause of action plaintiffs omitted from their FAC. The deleted cause of action is plaintiffs' second cause of action in their original complaint, which plaintiffs brought pursuant to the Federal Tort Claims Act (the "FTCA"), and by which plaintiffs sought the return of the gold coins or monetary damages in an amount equivalent to the value of the allegedly lost, missing or converted coins. Docket No. 1 (complaint ¶¶ 4, 56, 57 and 85-88). As to plaintiffs' FTCA cause of action, the government in its motion to dismiss filed December 2, 2021 noted that the claim should be dismissed for lack of subject matter jurisdiction because plaintiffs had not exhausted their administrative remedies. Specifically, the government noted that the FTCA waived the sovereign immunity of the United States for certain tort actions asserted against the United States, and that plaintiffs were required to first exhaust their administrative remedies by filing an administrative tort claim with the appropriate administrative agency and the administrative agency must have denied that claim before plaintiffs could file a FTCA action in federal court. Docket No. 30 (government motion to dismiss at 9:14-11:26 and 12:10-13:3). In addition, the government noted that the Supreme Court in <u>McNeil v. United States</u>, 508 U.S. 106, 112 (1993) recognized

---

[5] Plaintiffs' remaining cause of action, which is their second cause of action based on <u>Bivens</u>, is asserted against defendants in their individual capacities and will be the subject of a separate motion to dismiss.

5

"Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions." Docket No. 30 (motion to dismiss at 12:1-5).

In their December 20, 2021 opposition to the government's motion to dismiss, plaintiffs advised they had not yet bothered to submit an administrative tort claim for the allegedly missing coins but were instead in the "process" of doing so.[6] Plaintiffs apparently concede that pre-filing exhaustion of administrative remedies is required before filing a FTCA claim for monetary damages, and is a proper path for plaintiffs to follow to obtain monetary relief should they believe any coins are missing, because plaintiffs' December 23, 2021 FAC omitted their FTCA cause of action.

## III.

## ARGUMENT

**A.  The Standards For Motions To Dismiss Under Fed. R. Civ. P. 12 For Lack of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted.**

Federal courts should not adjudicate controversies where subject matter jurisdiction is lacking because they "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986) (citation omitted). As courts of limited jurisdiction, the presumption is that a court is "without jurisdiction unless the contrary appears affirmatively from the record." Id. at 546 (internal quotes and citations omitted). The burden of establishing subject matter jurisdiction rests upon the party invoking it [DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n.3 (2006)] and "the court is under a continuing duty to dismiss an action whenever it appears that the court

---

[6] See Docket No. 34 (plaintiffs' opposition to motion to dismiss at 3:27-28 n. 3: "Plaintiffs are in the process of submitting an administrative claim under the Federal Tort Claims Act alleged as their Second Cause of Action").

6

1  lacks jurisdiction." Billingsley v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989) (internal
2  quotes and citation omitted); see also Fed. R. Civ. P. 12(h)(3).

3  Fed. R. Civ. P. 12(b)(1) subject matter jurisdiction attacks can be either facial or
4  factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In "a facial attack, the
5  challenger asserts that the allegations contained in a complaint are insufficient on their
6  face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035,
7  1039 (9th Cir. 2004). Conversely, in a factual attack "[n]o presumptive truthfulness
8  attaches to plaintiff's [complaint's] allegations" [Thornhill Pub. v. General Tel. and
9  Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979) (internal quotes and citation
10 omitted)], "the district court may review evidence beyond the complaint without
11 converting the motion to dismiss into a motion for summary judgment" [Safe Air for
12 Everyone, 373 F.3d at 1039 (citation omitted)], and courts may weigh the extrinsic
13 evidence in determining whether the facts show that a plaintiff has discharged plaintiff's
14 burden of demonstrating that subject matter jurisdiction exists [Roberts v. Corrothers,
15 812 F.2d 1173, 1177-78 (9th Cir. 1987)].

16 Courts should grant a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state
17 a claim upon which relief can be granted when a complaint fails to allege a cognizable
18 legal theory or sufficient factual support for a legal theory. Caltex Plastics, Inc. v.
19 Lockheed Martin Corp., 824 F.3d 1156, 1159 (9th Cir. 2016). Fed. R. Civ. P. 12(b)(6)
20 "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Seismic
21 Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (internal quotes and
22 citation omitted). Also, a complaint must set forth "enough facts to state a claim for
23 relief that is plausible on its face" to defeat the motion. Bell Atlantic Corp. v. Twombly,
24 550 U.S. 544, 570 (2007). On the motion, courts accept as true the well-pleaded
25 material factual allegations of a complaint but need not accept as true conclusory
26 allegations, unwarranted factual deductions, unreasonable inferences or legal
27 characterizations. Bell Atlantic Corp., 550 U.S. at 555; Warren v. Fox Family
28 Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). Moreover, courts may consider

documents attached to or mentioned in a complaint and matters subject to judicial notice without converting the motion into a motion for summary judgment. Massey v. Ojaniit, 759 F.3d 343, 347-48 (4th Cir. 2014); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010). In addition, in ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). Accord, Thompson v. Illinois Dept. of Professional Regulation, 300 F.3d 370, 377 (7th Cir. 2004) (when complaint exhibit contradicts the complaint, "the exhibit trumps the allegations" of the complaint on a Fed. R. Civ. P. 12(b)(6) motion) (emphasis in original).

    **B.**    **Plaintiffs' First Cause of Action For Return Of Property Pursuant To Fed. R. Crim. P. 41(g) Should Be Dismissed Because Fed. R. Crim. P. 41(g) Cannot Be Used To Recover Property The Government Does Not Possess.**

As to the 63 coins plaintiffs seek to have returned but for which the government has advised it does not have and did not seize (docket No. 30-1 [Zellhart Decl. ¶ 3]), plaintiffs' Fed. R. Crim. P. 41(g) ("Rule 41(g)") cause of action is improper. Rule 41(g) does not waive sovereign immunity to allow suits for monetary damages for property the government does not have.[7] Accordingly, plaintiffs' first cause of action, which by its explicit terms is "for Return of Property Pursuant to FRCP § [sic] 41(g)[,]" should be dismissed.[8]

---

[7] Any claim for missing/lost/stolen property must be brought under the FTCA, 28 U.S.C. § 2671 et seq., for monetary damages, which requires exhaustion of administrative remedies, by submitting an administrative tort claim before filing a lawsuit.

[8] Because plaintiffs seek the return of property in their first cause of action pursuant to Rule 41(g), plaintiffs seek to invoke the Court's equitable jurisdiction. Rule 41(g) motions/complaints are only appropriate where the return of property is sought and no criminal or civil forfeiture action has been filed. See United States v. $8,850, 461 U.S. 555, 569-70 (1983). Because such a movant has no other available forum to address the grievance, Rule 41(g) motions are treated as equitable civil actions. United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987). The Ninth Circuit has

*(footnote cont'd on next page)*

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." Jachetta v. United States, 653 F.3d 898, 903 (9th Cir. 2011) (internal quotation marks and citation omitted). Thus, "[i]n an action against the United States, in addition to statutory authority granting subject matter jurisdiction, there must be a waiver of sovereign immunity." Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991). That waiver "cannot be implied, but must be unequivocally expressed in statutory text." Jachetta, 653 F.3d at 903 (internal quotation marks and citation omitted).

The government cannot return property it does not possess and a plaintiff is barred from seeking monetary damages under Rule 41(g). Ordonez v. United States, 680 F.3d 1135, 1137–40 (9th Cir. 2012) ("No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief"); see also United States v. Eames, 524 F. App'x 320 (9th Cir. 2013) (vacating district court's award of money damages and remanding with instructions to dismiss Rule 41(g) movant's claim for compensation for lost coins); Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007) (if the government no longer possesses the seized cash, "[claimant's] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)").

While Rule 41(g) is a vehicle for seeking the return of property, it "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property." Adeleke v. United States, 355 F.3d 144, 151 (2d Cir. 2004); Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (in Rule 41(g) cases, "[o]nce

---

recognized that a district court's invocation of equitable jurisdiction to hear a Rule 41(g) request for return of property should be exercised with caution and restraint. Ramsden v. United States, 2 F.3d 322, 324 (9th Cir. 1993). It is a fundamental principle of equitable jurisdiction that if an adequate remedy at law exists, equitable relief is unavailable. United States v. Elias, 921 F.2d 870, 875 (9th Cir. 1990); United States v. U.S. Currency, $83,170.78, 851 F.2d 1231, 1235 (9th Cir. 1988).

9

seized currency has been disbursed and is no longer available . . . a claim for its return is . . . no longer at hand: such claims are jurisdictionally barred by the principle of sovereign immunity"); Kahn v. United States, 2009 WL 2900249 at *3 (S.D.N.Y. Sept. 8, 2009) (where, as here, "property is not available for return for whatever reason, the aggrieved party cannot obtain monetary damages against the United States") (internal quotes and citation omitted); Search and Seizure of Box No. 8309 at U.S. Private Vaults v. United States of America, Case No. 2:21-cv-03554-RGK-MAR, Docket No. 28 (order re motion to dismiss) at page 5, footnote 1.

In Eames, the Ninth Circuit held that the district court erred when it ordered the government to make payment for the loss of gold coins seized during the course of an investigation into the Rule 41(g) movant's money laundering and related crimes. 524 F. App'x at 320. The Ninth Circuit held that the district court should have denied a Rule 41(g) motion for the return of gold coins in its entirety because the government admitted that it misplaced four gold coins that it had seized, and the district court lacked jurisdiction to order payment of money damages because sovereign immunity bars an award of money damages against the government on a motion to recover property under Rule 41(g). Id. (citing Ordonez, 680 F.3d at 1139-40).

Accordingly, subject matter jurisdiction does not lie over plaintiffs' first cause of action due to sovereign immunity. The government respectively requests that the first cause of action, therefore, be dismissed.

   **C. Plaintiffs' Third Cause Of Action For Order Disclosing Inventory Fails To State A Claim Upon Which Relief Can Be Granted.**

Plaintiffs' third cause of action is titled as a cause of action "for order disclosing video inventory pursuant to Fed. R. Crim. P. 41(f) and the Court's inherent power." Plaintiffs cause of action fails for multiple reasons.

First, the request for an order for production of an inventory, even if such an order were proper, would be akin to an remedy like an injunction and is therefore not a stand-alone cause of action that would support a claim for relief. Therefore, a Fed. R. Civ. P.

12(b)(6) motion to dismiss for failure to state a claim is properly granted as to plaintiffs' request for the order.  Jensen v. Quality Loan Serv. Corp., 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) (dismissing plaintiff's claim for injunctive relief without leave to amend, and noting "[a] request for injunctive relief by itself does not state a cause of action . . . An injunction is a remedy, not a separate claim or cause of action"); Silver State Broad, LLC v. Beasley FM Acquisition Corp., 2012 WL 4049481, *3 (D. Nev. Sept. 12, 2012) ("the Court dismisses Plaintiffs' Claim[] . . . 5 (injunctive relief) . . . as these 'claims' are not recognized causes of action but are rather remedies.  Under Rule 12(b)(6), a request for a specific remedy is not sufficient to state a claim upon which relief can be granted") (internal quotation marks and citation omitted);

      Second, Fed. R. Crim. P. 41 does not support plaintiffs' cause of action. As support for this cause of action, plaintiffs cite Fed. R. Crim. P. 41(f)(1)(D) and quote the language therefrom that "[t]he judge must, on request, give a copy of the inventory to the person from whom, or from whose premises, the property was taken and to the applicant for the warrant."  Docket No. 1 (complaint ¶ 97).[9]  Plaintiffs misinterpret the scope of Fed. R. Crim. P. 41, which by its terms governs search warrants and how they are obtained and executed.  See Frazier v. Roberts, 441 F.2d 1224, 1230 n.2 (8th Cir. 1971) ("Rule 41[] governs issuance of search warrants").  However, Fed. R. Crim. P. 41 is not applicable to inventories, which is how the government obtained the contents of plaintiffs' box at USPV.

      With respect to search warrants, Fed. R. Crim. P. 41(f)(1)(C) requires officers executing a warrant to leave a receipt for the items taken, called an "inventory," with the person from whom or from whose premises the property was taken, or leave it at the

---

[9] The title of the third cause of action provides that it is based on Rule 41(f) and the Court's inherent power, but plaintiffs provide no caselaw holding that courts will use their inherent power to order production of documents, such as an inventory, particularly where, as here, no viable cause of action has been stated.  In addition, Rule 41(f)(1)(D) pertains to inventories filed with Magistrate Judges together with returns on executed search warrants, and authorizes Magistrate Judges to provide a copy of those documents that have been filed with the Magistrate Judge to persons identified in the statute.  The statute does not deal with the required substance of those documents.

1  place where the officer took the property.  Officers executed the search warrant at USPV
2  and properly left behind an "inventory" indicating, among other things, they had seized
3  USPV's nests of safe deposit boxes.  When the nests of safe deposit boxes were seized,
4  there were no search warrants for any individual safe deposit boxes (such as plaintiffs'
5  box), and therefore no requirement under Fed. R. Crim. P. 41 that any "inventory" for
6  them be produced or served.
7       In contrast to a search warrant, "an inventory search is a routine administrative
8  procedure designed to effect three distinct purposes: protection of the owner's property . . 
9  . ; protection of the police against claims of lost, stolen or vandalized property; and
10 protection of the police from potential danger." United States v. Lugo, 978 F.2d 631,
11 636 (10th Cir. 1992) (citing South Dakota v. Opperman, 428 U.S. 364, 369 (1975)).  No
12 court has ever held that Fed. R. Crim. P. 41 governs administrative inventory searches,
13 which would be nonsensical because there is no warrant or affidavit for an inventory
14 search, and therefore nothing to "obtain" or "execute."  "[I]nventory searches are . . . a
15 well-defined exception to the warrant requirement of the Fourth Amendment." Colorado
16 v. Bertine, 479 U.S. 367, 371 (1987) (citations omitted).
17      Rule 41 does not govern inventory searches as to the items recovered from the
18 inventory, which is an administrative function involving the inventorying process
19 Because plaintiffs' individual safe deposit box was searched administratively, rather than
20 pursuant to a criminal search warrant, the procedural requirements of Fed. R. Crim. P. 41
21 do not apply.  Accordingly, for this reason as well, plaintiffs' fourth cause of action
22 should be dismissed because it fails to state a claim upon which relief can be granted.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

# IV.
# CONCLUSION

For the foregoing reasons, the government respectfully requests that its motion be granted.

Dated: January 6, 2022          Respectfully submitted,

TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

    /s/
ANDREW BROWN
VICTOR A. RODGERS
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA, and
TRACY L. WILKISON and KRISTI
KOONS JOHNSON IN THEIR OFFICIAL
CAPACITY ONLY

13