NINA MARINO, ESQ. (State Bar No. 142815)
JENNIFER LIESER, ESQ. (State Bar No. 313707)
KAPLAN MARINO, PC
1546 N. Fairfax Avenue
Los Angeles, CA  90046
Tel:    (310) 557-0007
Fax:    (310) 861-1776
Email:  marino@kaplanmarino.com
        lieser@kaplanmarino.com

Attorneys for Plaintiffs
DONALD LEO MELLEIN
PAULA MARGARITA VILLEGAS de MELLEIN

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONALD LEO MELLEIN;<br>PAULA MARGARITA VILLEGAS DE MELLEIN,<br><br>          Plaintiffs,<br><br>          v.<br><br>UNITED STATES OF AMERICA, ET AL.;<br><br>          Defendants. | No. 21-CV-06588<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' ET AL. MOTION TO DISMISS FAC FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (DKT. NO. 47) AND INDIVIDUAL DEFENDANTS' MOTION TO DISMISS THE COMPLAINT (DKT. NO. 48)** |

## I.  INTRODUCTION

Instead of interacting with the facts alleged by Plaintiffs in their First Amended Complaint ("FAC"), the United States (the "government") once again tries to impose hurdles to avoid scrutiny of its misconduct and overreach. Seven months ago, when the FBI first agreed to return Plaintiffs' property and then only returned *some* of it, the FBI sent a clear message that it was either withholding, had misplaced or *someone* had stollen Plaintiffs' 110 one-ounce gold coins. Since then, the FBI and the Department of Justice have stonewalled Plaintiffs, refusing to acknowledge the existence of their missing property, refusing to provide any sort of video, photographic or written inventory of Plaintiffs' safe deposit box, and even refusing to acknowledge if there is *any*

1

1  sort of inventory whatsoever. In fact, it was not until filing of the government's December 2021
2  Motion to Dismiss some nine months after execution of its search warrant, some seven months
3  after the government was required to either seek forfeiture or return boxholders' property, some
4  six months after the FBI agreed to remove Box #224 from its forfeiture list and return Plaintiffs'
5  property, and some four months after filing of this present action that Plaintiffs learned ***the FBI***
6  ***still possessed any of their gold coins and that it was "in the process of returning those 47 coins."***
7  (Gov. Mo. to Dismiss at 3 (emphasis added).)[1]

Plaintiffs truly believed when they filed this action that the government made a mistake but still sought justice above all else and that, if confronted with such a claim of theft or damage as a result of its actions, would promptly seek to make it right or, if it contested, would make available all inventories taken of Box #224 to guard against such allegations. See Affidavit for search and seizure warrant, U.S. Private Vaults, Inc. ("USPV"), Dkt. No. 29-4 at 84: 19-21 ("Agents will follow their written inventory policies to protect their agencies from claims of theft or damage to the contents of the boxes"); USPV Warrant, Dkt. No. 29-3 3:2-5 ("In seizing the nests of safety deposit boxes, agents shall follow their written inventory policies to protect their agencies and the contents of the boxes.") Now, despite repeated missteps, the government expects this Court to take it at its word that there were only 47 gold coins in Plaintiffs' box, refusing to provide the inventory to support its position. Surely if the FBI followed its protocol as it promised the Court that it would and upon review of such inventories, determined there were only 47 and not 110 gold coins in Plaintiffs' box, the government would simply provide the inventories in support of its position. Instead, the government attempts to dismiss Plaintiffs' request, characterizing the inventory search as administrative and beyond the scope of Rule 41. (Gov. Opp. at 14.)

This Court should deny both the government's motion (Dkt. No. 47) and Individual

---

[1] On December 20, 2021, counsel for Plaintiffs retrieved 27 Canadian maple leaf gold coins and 20 American Eagle gold coins. Still unaccounted for are three Canadian maple leaf gold coins and 60 American Eagles.

Defendants' Motion (Dkt. No. 48),[2] order disclosure of all video, photographic, written or otherwise memorialized inventories of Box #224 and stay the other causes of action until such inventory footage can be reviewed and analyzed by Plaintiffs and this Court.

II.     ARGUMENT

    A. **This Court Should Not Take the Government's Word at Face Value that it Does Not Possess the Remainder of Plaintiffs' Property Especially Given its Past Misconduct**

In asserting that Plaintiffs' First Cause of Action for return of property pursuant to Rule 41(g) should be dismissed, the government unequivocally states that it does not possess the remainder of Plaintiffs' property. The Court should be skeptical of the government's representation considering is previous misconduct – suddenly "finding" 47 of Plaintiffs' 110 gold coins some nine months after the initial raid, never including these gold coins on its forfeiture list in connection with Box #224, retaining possession of these 47 gold coins long passed the time-period in which the government was required to either seek forfeiture or return Plaintiffs' property, never returning these gold coins or mentioning its possession when the FBI agreed to remove Box #224 from the forfeiture list and return Plaintiffs' property in June,[3] and repeatedly stonewalling or refusing to provide any sort of inventory to Plaintiffs of Box #224 despite the FBI's assurance to the Magistrate Judge that it would "follow their written inventory policies to protect their agencies from claims of theft or damage to the contents of the boxes." (Affidavit, Dkt. No. 29-4 at 84: 19-21.)

"On a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Rutter Group, *Fed. Civ. Pro. Before*

---

[2] Plaintiffs do not intend to file a separate Opposition to Individual Defendants' Motion to Dismiss (Dkt. No. 48) and submit on the relevant law cited in their FAC. (Dkt. No. 36, ¶¶ 69-90.)

[3] The inventory provided to Plaintiffs upon retrieval of their property in June made no mention of gold coins whatsoever. Plaintiffs understand that this inventory was supposed to be copied word-for-word from the inventory search of their box conducted at USPV. *See Search and Seizure of Box No. 8309*, Case No. 21-cv-03554, Dkt. No. 13 at 28. **This is particularly troubling considering the government has suddenly located 47 gold coins.**

1  *Trial* ¶ 9:213 (citations omitted). The Court must *not* do so for defendants and their empty
2  representations to the Court. If the government honestly "only found and seized a total of 47 gold
3  coins in plaintiffs' box," (Gov. Mo. to Dismiss at 4:7) then why wouldn't it be willing to share its
4  inventories in support of its position? The government should be required to disclose all video,
5  photographic and written or otherwise memorialized inventories for Box #224 prior to this Court's
6  ruling on the viability of Plaintiffs' Causes of Action.

7  **B. Rule 41(g) and this Court's Inherent Power Control Inventory Disclosures[4]**

8  The government argues that Rule 41 does not support Plaintiffs' Third Cause of Action because
9  the inventory search of Box #224 was an administrative search rather than an execution of a search
10 warrant. (Gov. Mo. at 11-12; Fed. R. Crim. P. 41(f)(1)(D).) But what the government argues is a
11 distinction without a difference. The inventory search of Box #224 was conducted in conjunction
12 with the execution of the search warrant at USPV - and even turned into its own search and seizure
13 not provided for in the warrant. Certainly, the government shouldn't become exempt for their
14 statutory requirements if they exceed the scope of their warrant by unlawfully conducted a search
15 and seizure. Furthermore, as cited by the government, the purpose of this inventory was for the
16 "'protection of the owner's property . . .; protection of the police against claims of lost, stolen or
17 vandalized property; and protection of the police from potential danger.'" (Gov. Mo. at 12: 8-10
18 (*citing United States v. Lugo*, 978 F.2d 631, 636 (10th Cir. 1992); see also Affidavit, Dkt. No. 29-
19 4 at 84: 19-21; USPV Warrant, Dkt. No. 29-3 3:2-5.) The government should provide its video,
20 photographic, written or otherwise memorialized inventories of Box #224 to combat Plaintiffs'
21 claims of lost or stollen coins. But it won't. Why?

22 This Court has authority both pursuant to Rule 41 and its inherent power to compel production
23 of all inventories related to Box #224 and it should exercise that authority. *See Otonye v. United*
24 *States*, 903 F. Supp. 357, 360 (E.D.N.Y. 1995) (A court's inherent "power stems from the court's
25 disciplinary authority over attorneys appearing before it as officers of the court. This inherent

---

[4] The government also argues that the requested relief is akin to an injunction and thus not a proper cause of action. (Gov. Mo. to Dismiss at 10:26-28.) To that effect, see Plaintiffs' Motion for a Preliminary Injunction Requesting All Inventories of Box #224. (Dkt. No. 35.)

1  power also extends to federal agents charged with 'observ[ing] 'standards for law enforcement'
2  established by 'the federal Rules governing searches and seizures.'" ) (internal citations omitted).
3  //

### III. CONCLUSION

For the foregoing reasons, this Court should deny the government's and individual defendants' motions to dismiss, stay all causes of action, and compel disclosure of all inventories related to Box #224.

DATED: January 14, 2022                     Respectfully submitted,
                                            KAPLAN MARINO, PC

                                            /s/ Nina Marino
                                            _____
                                            NINA MARINO
                                            JENNIFER LIESER
                                            Attorneys for Plaintiffs
                                            DONALD LEO MELLEIN
                                            PAULA MARGARITA VILLEGAS de
                                            MELLEIN