TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
          Victor.Rodgers@usdoj.gov
          Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA and
TRACY L. WILKISON and KRISTI KOONS JOHNSON
IN THEIR OFFICIAL CAPACITY ONLY

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| DONALD LEO MELLEIN AND PAULA MARGARITA VILLEGAS DE MELLEIN,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>        Defendants. | Case No. 2:21-cv-06588-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA AND TRACY L. WILKISON AND KRISTI KOONS JOHNSON IN THEIR OFFFICIAL CAPACITY'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(6)**<br><br>Date:       February 7, 2022<br>Time:      9:00 a.m.<br>Courtroom: 850, the Honorable<br>                 R. Garv Klausner |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants United States of America and Tracy L. Wilkison and Kristi Koons Johnson in their official capacities only (collectively, "the government") respectfully submit this reply memorandum of points and authorities in further support of their motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the first amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  The opposition filed by plaintiffs Donald Leo Mellein and Paula Margarita Villegas De Mellein (collectively, "plaintiffs") does not bother to address, let alone refute, the legal authorities that show that the motion should be granted as to the only causes of action (i.e., the first and third causes of action) asserted against the government.

Instead, plaintiffs repeat the incorrect allegations of government stonewalling, which the government addressed in its moving papers and opposition to plaintiffs' motion for a preliminary injunction (for which plaintiffs did not file a reply).  Moving papers at 2:20-4:20 and docket no. 46 (gvt's opposition to plaintiffs' motion for a preliminary injunction at 8:3-10:2).  The government has cooperated with plaintiffs where appropriate (id.), nothing the government has done has prevented plaintiffs from submitting an administrative tort claim under oath to the Federal Bureau of Investigation as to the coins they allege are missing yet they still have not done so (docket no. 46 at 8:14-18 and n. 5; moving papers at 6:5-8 and n. 6), the Supreme Court has made clear that submitting the administrative tort claim is the appropriate path for a person asserting that the government has unlawfully converted their property to take before filing a federal district court action (moving papers at 5:25-6:4), and plaintiffs can make the inventory request as part of their administrative tort claim submission (and presumably can also provide the "thorough accounting" and "investigation" that caused plaintiffs to conclude there were "approximately 110" and not 120 coins as they initially alleged were missing) (moving papers at 3:14-22 and docket no. 46 at 9:18-10:2).

/ / /

1

In addition, plaintiffs have not bothered to explain why they even need an inventory, in order to submit their administrative tort claim or for any other reason, when they have personal knowledge of the coins that are missing, as they solely possess the facts concerning their coins, such as the dates the allegedly missing coins were purchased, the amounts plaintiffs paid for the coins to support any monetary damage claim therefor and the dates plaintiffs stored or removed particular coins from the box. Docket No. 46 at 9:5-9.  Further, plaintiffs in their under oath administrative tort claim can explain their rationale for keeping the coins the government returned to them notwithstanding their current contention that those coins do not even belong to them and are therefore owned by someone else.  Moving papers at 4:15-20.

More to the point, plaintiffs' failure to address any of the legal authorities cited by the government show that the government's motion should be granted and the case should be dismissed.  As to the first cause of action pursuant to Fed. R. Crim. P. 41(g) for return of property, plaintiffs argue that the Court should not take the government's word at face value that it has no additional coins, but the government is not making any such argument.  Rather, the exhaustion of remedies doctrine requires that an administrative tort claim be made to the government agency and, if the agency denies the claim, then a party can file a conversion claim in federal court.  The exhaustion requirement does not require a Court to accept the government's representation that the government does not possess the items plaintiffs seek.  Accordingly, plaintiffs' first cause of action should be dismissed for lack of subject matter jurisdiction, for the reasons set forth in the moving papers.

As to plaintiffs' third cause of action, which is titled as a cause of action "for order disclosing video inventory pursuant to Fed. R. Crim. P. 41(f) and the Court's inherent power," and quotes Fed. R. Crim. P. 41(f)(1)(D) (see moving papers at 10:21-24 and 11:11:15 and ¶ 104 of first amended complaint), plaintiffs do not address any of the government's authorities holding that Fed. R. Crim. P. 41(f)'s requirements as to inventories are inapplicable to inventory searches, such as the inventory search of

2

plaintiffs' box.  Moving papers at 11:11-20.  Further, while plaintiffs' first amended complaint clearly relies upon Fed. R. Crim. P. 41(f) to support their third cause of action, plaintiffs argue in their opposition that "Rule 41(g) and this Court's Inherent Power Control Inventory Disclosures" supports their third cause of action and the relief thereon (namely, the production of an inventory) that they seek.  Plaintiffs' opposition at 4:7 (emphasis added).  Plaintiffs' third cause of action is not based on Fed. R. Crim. P. 41(g), nor could it be because that statute permits a movant to seek the return of the movant's property.  An inventory prepared by the government is not the movant's property.

Further, plaintiffs cite a decades-old district court decision from another district, Otonye v. United States, 903 F. Supp. 357, 360 (E.D.N.Y. 1995) for the proposition that the Court has inherent authority to compel the production of inventories, but that out-of-district decision, even if it was (and it is not) binding on the Court is distinguishable. First, the decision involved a Fed. R. Crim. P. 41(e) (i.e., the predecessor to Fed. R. Crim. P. 41(g)) motion for return of property, and not a request for an inventory pursuant to Fed. R. Crim. P. 41(f).  Accordingly, the decision is not persuasive authority to support plaintiffs' request for an inventory under the Court's inherent authority pursuant to plaintiffs' third cause of action.  Second, the district court in Otonye stated that "Second Circuit case law provides for equitable jurisdiction to award money damages in return of property actions such as in the instant case . . . where the government has lost or destroyed property which should have been returned." Id. at 360-61 (citations omitted).  Even assuming, for the sake of argument, the 1995 decision's recitation of Second Circuit law remains true today, the Ninth Circuit does not permit the recovery of monetary damages on Fed. R. Crim. P. 41(g) claims.  Moving papers at 9:20-10:17. Accordingly, plaintiffs have cited no persuasive authority in support of their third cause of action.

/ / /

/ / /

1         For these reasons, and the other reasons set forth in the moving papers, the

2    government respectfully renews its request that its motion to dismiss the first amended

3    complaint be granted.

4    Dated: January 24, 2022                    Respectfully submitted,

5                                         TRACY L. WILKISON
    United States Attorney

6                                         SCOTT M. GARRINGER
    Assistant United States Attorney

7                                         Chief, Criminal Division

8                                                /s/

9                                         ANDREW BROWN
    VICTOR A. RODGERS

10                                        MAXWELL COLL
    Assistant United States Attorneys

11                                        Attorneys for Defendants

12                                        UNITED STATES OF AMERICA, and
    TRACY L. WILKISON and KRISTI

13                                        KOONS JOHNSON IN THEIR OFFICIAL
    CAPACITY ONLY

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                          4