BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division
C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch, Civil Division
RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch, Civil Division
JOSEPH A. GONZALEZ
Trial Attorney, Torts Branch, Civil Division
    U.S. DEPARTMENT OF JUSTICE
    Ben Franklin Station
    P.O. Box 7146
    Washington, D.C. 20044-7146
    (202) 598-3888 (phone)
    joseph.a.gonzalez@usdoj.gov

Attorneys for Defendants Kristi Koons Johnson
and Lynne K. Zellhart in their individual capacities

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DONALD MELLEIN, ET AL.<br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br>    Defendants. | Case No. 2:21-cv-06588-RGK-MAR<br><br>**Defendants Assistant Director in Charge Johnson and Special Agent Zellhart's Reply in Support of their Motion to Dismiss the First Amended Complaint;**<br><br>Date:    February 7, 2022<br>Time:    9:00 a.m.<br>Courtroom: 850, the Honorable<br>    R. Gary Klausner |

## INTRODUCTION

In her opening memorandum, Assistant Director in Charge Kristi Koons Johnson and Special Agent Lynne Zellhart demonstrated that this Court should refrain from creating the *Bivens* remedy Plaintiffs seek and that, in any event, they are entitled to qualified immunity. Plaintiffs fail to acknowledge, let alone rebut any of these arguments. Instead, they address the motion with a solitary, two-line footnote in their opposition to the United States' dismissal motion. It states that Plaintiffs "do not intend to file a separate Opposition to the Individual Defendants' Motion to Dismiss and submit on the relevant law cited in their FAC (Dkt. No. 36 ¶¶ 69-90)." Opp. at 3 n.2. As set forth below, this functions as a concession and therefore provides the Court yet another reason to grant the motion to dismiss.

## ARGUMENT

### I. Plaintiffs have conceded the Individual Defendants' Motion to Dismiss by failing to file an opposition or address their arguments.

This district's local rules require a party opposing a motion to file a "brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely[.]" L.R. 7-9. Plaintiffs have violated this rule by averring that they "do not intend to file a separate Opposition" to the Individual Defendants' Motion to Dismiss. Opp. at 3 n.2. Under L.R. 7-12 a "failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" Thus, as numerous other courts in this district have recognized, both local rules work in tandem to permit dismissal of a complaint when a plaintiff fails to file an opposition to a motion to dismiss. *See Roman v. Cty. of Riverside*, 2019 WL 4138010, at *1 (C.D. Cal. Apr. 10, 2019) (Because the plaintiff "did not file an opposition at all" to the motion to dismiss, he violated local rule L.R. 7-9, and thus "is deemed to [have] consent[ed] to the granting of the Motion" pursuant to L.R. 7-12); *Mangino v. First Found., Inc.*, 2017 WL 7806598, at *2 (C.D. Cal. Aug. 11, 2017) ("[U]nder Local Rule 7-12, a court may also dismiss a case when a party fails to file a

timely opposition to a motion to dismiss."). Plaintiffs' failure to file an opposition here should also result in dismissal of the FAC.

      Plaintiffs' request that the Court rely on the "relevant case law cited in their FAC" underscores the wisdom of dismissal under these circumstances. Rather than address any of the arguments set forth in the motion, Plaintiffs ask this Court to do the work for them by analyzing the more than 20 cases cited in the FAC. That is not a proper way to oppose a dismissal motion. What this Court has said for briefs—"[j]udges are not like pigs, hunting for truffles buried in briefs"—holds equally true for complaints reciting law. *Joshua Tan v. Hydraulic Int'l, Inc.*, 2021 WL 3744579 at *2 n.1, *4 n.4 (C.D. Cal. July 22, 2021) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam)) (internal quotations omitted). Federal courts routinely treat such failures to properly respond as conceded arguments when, as is the case here, opposing parties skirt their responsibility to respond to an argument. *See Cheema v. Wells Fargo Home Mortg.*, 2014 WL 12577146, at *3 (C.D. Cal. May 5, 2014) ("Plaintiffs fail to address Defendants' arguments as to the Second Claim in their Opposition, and in failing to do so they concede these points.") (citing *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1210 & n.7 (N.D. Cal. 2013) (collecting cases holding that failure to respond to an argument in an opposition brief may constitute a concession of the argument)).

      This shortcoming is especially serious given the Court's memorandum opinion in *Louis Loe v. United States of America, et al.*, 2:21-cv-003348 (C.D. Cal.). There, this Court dismissed similar claims, against the same individual defendants, challenging the same USPV operation, as Plaintiffs allege in this case. *Id.* at Dkt. 76. The Court reasoned, relying heavily on *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), that the "claims present an extension of *Bivens* into a new context" and that the *Abassi* "factors counsel hesitation against extending *Bivens* to Plaintiff's claims[.]" *Id.* at Dkt. 76 pp. 9, 11. Thus, the case law in the FAC, which does not include *Abassi*, does not focus on the applicable analysis. Plaintiffs were required to explain why the case law relied on in the *Loe* dismissal opinion (and cited by the Defendants in this case) would not also result in a

2

dismissal of their FAC. Their failure to do so functions as yet another concession that *Abassi* and the Court's application of it in *Loe* requires dismissal of the Individual Defendants from this case with prejudice.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in our opening memorandum, Assistant Director in Charge Johnson and Special Agent Zellhart's motion to dismiss should be granted.

Dated: January 24, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel, Torts Branch, Civil Division

/s/ *Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
Trial Attorney, Torts Branch, Civil Division
U.S. DEPARTMENT OF JUSTICE
Ben Franklin Station
P.O. Box 7146
Washington, D.C. 20044-7146
(202) 598-3888 (phone)
(202) 616-4314 (fax)
joseph.a.gonzalez@usdoj.gov

Attorneys for Defendants Kristi Koons Johnson and Lynne K. Zellhart in their individual capacities

3